# EXHIBIT

# E



World Headquarters
1290 East Maple Road
P.O. Box 1290
Troy, Michigan 48007-1290
248.588.4100

June 2, 2011

James C. Waggoner, Jr.  *Sent Via Certified Mail*
Waggoner Enterprises, Inc.
635 Franklin Ave.
St. Cloud, MN 56304

Re: License Agreement between Waggoner Enterprises, Inc. & James C. Waggoner, Jr. (Franchisees) and Ziebart Corporation (ZC), dated July 15, 1997, for the Ziebart business located in St. Cloud (MN70)

Dear Mr. Waggoner:

The purpose of this letter is to inform you of ZC's intent to terminate the referenced License Agreement for the violation described below. The effective date of termination will be August 31, 2011 if such violation is not corrected before that date.

1. Section 15.A of the License Agreement states that "…any of the following events will constitute good cause for grounds for termination of this License Agreement, and this License Agreement shall be terminated thereafter upon written notice by ZC upon:

> 15.A.8. Failure of LICENSEE or refusal to make business records and books available to ZC or its authorized representatives for audit purposes;"

ZC has good cause to terminate the License Agreement due to your failure to comply with repeated requests for financial statements, bank statements and copies of your 2008, 2009 & 2010 income tax returns.

The violation listed above constitutes grounds for termination under Section 15.A of the License Agreement. In accordance with Section 16.A, if you do not correct the listed default within ninety (90) days of the date of this Notice, your License Agreement will automatically terminate.

If you do not take the necessary action to cure your violation by **August 31, 2011**, and avoid termination, then when termination occurs you must promptly pay all amounts owed ZC under the License Agreement or otherwise, and immediately return the following items to Ziebart's Troy, Michigan warehouse at your expense:

1. All exterior sign faces, menu boards and banners bearing any of the licensed trademarks or logos, including Speedy Auto Glass and Rhino Linings.

2. All proprietary decor items from the interior of the premises, including, but not limited to displays, menu boards, header panels and signage.

3. All proprietary items bearing the licensed trademarks, including, but not limited to tools, posters, brochures, invoices, warranties, telephone tracker, sales aids, ad kit, technical manuals and instructions, catalogs and forms.

4. All components of the BART software system, including customer lists.

5. All chemical products bearing the licensed trademarks, which are not more than twelve months old and which are in re-saleable condition. You will receive monetary credit for these items.

**Please contact our Order Services Department for further instructions before returning the items described above.**

In addition, the License Agreement requires you to observe or perform the following when the License Agreement terminates:

1. All business phone numbers must be assigned to Ziebart; please contact your telephone carrier to determine what paperwork you must complete to assign the phone numbers and convey that information to Ziebart.

2. You may not validate any ZIEBART or ZIEBART TIDYCAR warranty. If you do so, you will render the customer's warranty null and void, and you will bear the legal responsibility for any such action.

3. You may not, per the terms of the License Agreement, operate a competitive business for two years from the date of termination.

4. You must pay all amounts owed Ziebart, including any damages Ziebart suffers as a result of termination of your Ziebart franchise business.

5. Since the warranties state that you, as the processing Dealer, are financially responsible for covering warranty claims as long as the customer owns his/her vehicle, your financial responsibility for customer warranties that you issued will continue.

6. You must submit sales reports and make payments of royalty and advertising fees for all sales made until the termination is final.

Ziebart expressly reserves the right to take legal action to bar you from using its trademarks, logos, trade dress and business operating system if you do not voluntarily perform any and all of your post-termination obligations under the License Agreement. Ziebart also reserves its right to collect any and all monetary damages it has or may suffer as a result of any violations of the License Agreement, other agreements between you and Ziebart and for any violations of any state or federal law under which Ziebart is otherwise entitled to recover monetary damages. Ziebart does not waive any rights it has under the License Agreement, notwithstanding anything stated in this letter.

Please make immediate arrangements to cure your default or to comply with your obligations on termination of the License Agreement.

Sincerely,

ZIEBART CORPORATION

Patricia Lipsky
License & Trademark Manager

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _JCWaggoner_  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>J Waggoner  6-6 |
| 1. Article Addressed to:<br>James C. Waggoner, Jr.<br>Waggoner Enterprises, Inc.<br>635 Franklin Ave.<br>St. Cloud, MN 56304 | D. Is delivery address different from item 1?  ☐ Yes  ☐ No<br>If YES, enter delivery address below:<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7004 1350 0002 6562 3849 |
| PS Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |