UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ZIEBART INTERNATIONAL CORPORATION,
a Michigan corporation, ZIEBART
CORPORATION, a Michigan corporation

    Plaintiffs,

vs.

Case No. 2:12-cv-12001
Hon. George Caram Steeh
Magistrate Michael J. Hluchaniuk

WAGGONER ENTERPRISES, INC, a Minnesota
corporation and JAMES C. WAGGONER, JR.,
an individual, jointly and severally

    Defendants.
_____/

## DEFAULT JUDGMENT
## AND ORDER FOR PERMANENT INJUNCTION

Pursuant to Fed.R.Civ.P. 55, Plaintiffs ZIEBART INTERNATIONAL CORPORATION and ZIEBART CORPORATION filed their Motion for Default Judgment and Order for Permanent Injunction against Defendants WAGGONER ENTERPRISES, INC, a Minnesota corporation and JAMES C. WAGGONER, JR., jointly and severally, on June 14, 2012, because each of the Defendants was duly served with Summons and Verified Complaint for Declaratory Judgment, Damages and Permanent Injunction on May 9, 2012 (Doc ## 8 and 9), but Defendants have failed to plead or otherwise defend in this case.  Per Plaintiff's Request for Entry of Default (Doc. #11) filed on June 1, 2012, the Court Clerk entered Clerk's Entry of Default (Doc. #12) on June 1, 2012 per Fed.R.Civ.P. 55(b)(1).  The Court, having reviewed the pleadings filed in this case and being otherwise advised as to the facts;

NOW THEREFORE, IT IS HEREBY ORDERED that

A) the Ziebart License Agreement between Defendant Corporation and Ziebart dated July 15, 1997 (Doc. # 1, Exhibit A) is hereby declared terminated, effective September 1, 2011, and Defendants have no further rights under the License Agreement.

B) Defendants, their agents, servants, licensees, employees and representatives, and all those persons who act in concert or participate with them are hereby permanently enjoined from using in the advertising, offering for sale and sale of vehicle care services and products offered for sale and sold by Ziebart and all products and services of a similar nature to those offered by Ziebart or its licensees, with the designation Ziebart® and/or TidyCar®, and/or the Speedy Auto Glass and/or Rhino Linings trademarks, or any word or words confusingly similar to these trademarks at Defendants' vehicle care business located at 635 Franklin Ave., NE., St. Cloud, MN or any other place of business owned and/or operated by any of the Defendants, their agents, servants, licensees, employees or representatives, without an express written license from Ziebart or, in the case of the Speedy Auto Glass and Rhino Linings trademarks, an express written license from third party(ies) holding the right to license the Speedy Auto Glass or Rhino Linings trademarks.

C) Defendants, their agents, servants, licensees, employees and/or representatives and all those persons who act in concert or participation with them, must transfer to Ziebart within thirty (30) days after service of this Order on Defendants the Ziebart®-advertised telephone numbers, namely: (320) 255-1156, (320) 281-4340 and (320) 257-0020 and facsimile number (320) 259-9348.

D) Defendants must act within ten (10) days after service of this Order on Defendants to remove from the internet any and all promotions or advertisements suggesting or indicating that any of the Defendants ever had any relationship with Ziebart, TidyCar, Speedy Auto Glass and/or Rhino Linings, including but not limited to, internet sites that have resulted in Google hits.

E) Defendants, on behalf of themselves, their agents, servants, licensees, employees and/or representatives and all those persons who act in concert or participation with them, must return within ten (10) days after service of this Order on Defendants all of Ziebart's proprietary and confidential information, including tooling, technical, marketing and other manuals, copyrighted materials, and other items, if any, bearing Ziebart-licensed trade names, trademarks and/or logos, and other materials of a confidential, proprietary and/or trade secret nature.

F) Defendants, on behalf of themselves, their agents, servants, licensees, employees and representatives and all those persons who act in concert or participate with them, must account to Ziebart in writing within thirty (30) days after service of this Order on Defendants for all gains and profits they have derived from and after September 1, 2011 to the present related to Defendants' car care business.

G) Defendants must file with the Court and serve on Ziebart's counsel within thirty (30) days after service of this Order on Defendants, a report in writing setting forth in detail the manner and form in which Defendants have complied with this injunction, pursuant to 15 U.S.C. §1116.

3

H) Defendants shall pay Ziebart's reasonable attorneys' fees, costs and expenses of this action arising from Defendants illegal and unlawful trademark infringement and unfair competition as permitted by 15 U.S.C. §1117, which amount shall be determined at a separate hearing noticed by Ziebart.

IT IS HEREBY FURTHER ORDERED that this Court shall retain jurisdiction of this case for purposes of determining the amount of trademark infringement and unfair competition damages Ziebart has suffered, the amount of reasonable attorneys fees and other costs and expenses that should be awarded to Ziebart and for the further administration of this Default Judgment and Order for Permanent Injunction.

s/George Caram Steeh<br>United States District Judge

Dated:  July 12, 2012