UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZIEBART INTERNATIONAL
CORPORATION, a Michigan corporation,
ZIEBART CORPORATION, a Michigan
corporation,

       Plaintiffs,

                                    Case No. 12-CV-12001
v.                                   HON. GEORGE CARAM STEEH

WAGGONER ENTERPRISES, INC.,
A Minnesota corporation, and JAMES
C. WAGGONER, JR., an individual,

       Defendants.
_____/

ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR
SANCTIONS AGAINST DEFENDANTS (DOC. # 24)

Before the court is plaintiffs' motion for sanctions against defendants for violation of the court's December 11, 2012 contempt order (Doc. # 24).[1] In that order, the court found that defendants were in contempt of its July 12, 2012 default judgment and order for permanent injunction, and ordered as follows:

> From and after January 7, 2013, and for each day thereafter, defendants shall pay to plaintiffs a civil penalty of $100.00 per day, continuing until defendants have complied with court orders or for 28 days, whichever is first. If defendants have not complied with this court's orders after 28 days, the civil penalty against defendants shall increase to $500.00 per day and continue for an additional 28 days. Persistent failure to comply with this order by defendants will result in additional penalties,

---

[1]Given defendants' total lack of participation in this litigation, the court finds an oral hearing on this motion to be unnecessary and hereby orders the motion's submission and determination without oral argument, in accordance with E.D. MI LR 7.1(e).

>including additional fines and/or incarceration and reimbursement of plaintiffs' attorney fees.  Plaintiffs shall file a status report on the last day of each twenty-eight day period indicating whether defendants have complied with this order.
>
>IT IS FURTHER ORDERED that plaintiffs shall effect personal service on defendants of (1) this order; (2) plaintiffs' motion for contempt; and (3) a copy of the July 12, 2012 default judgment and order for permanent injunction, on or before December 24, 2012; plaintiffs shall file a proof of service with the court evidencing the same.

Plaintiffs filed the current motion on March 11, 2013.  In support of the request, plaintiffs have filed certain exhibits.  The first is a letter from plaintiff's counsel to defendant Waggoner, asserting violations of the December 11, 2012 contempt order.  The next is an affidavit prepared by Patricia Lipsky, acknowledging the defendants' removal of signage at the St. Cloud business location, but asserting that defendants have failed to transfer telephone numbers; remove advertising from the internet; return proprietary information; account in writing for gains and profits from September 1, 2011 to the present; and provide a written report to plaintiff describing the manner in which defendants have complied with the July 2012 injunction order.  Plaintiffs have also filed two affidavits prepared by counsel for plaintiffs, similarly attesting to defendants' non-compliance with court orders.

While it appears that defendants have certainly failed to comply with certain of its orders, the court notes plaintiffs' acknowledgment that defendants have taken down the Ziebart signage and are not answering the telephone with any indication that they are running a business affiliated with Ziebart.  As to the internet marketing, the court sees nothing in the information provided by plaintiffs to demonstrate an ongoing marketing

effort in the name of Ziebart by defendants. Thus the court finds that certain sanctions are appropriate, but not at the level urged by plaintiffs.

Accordingly, the court hereby orders, as requested, that plaintiffs may take peaceable self-help remedies to (a) remove from the internet any and all remaining or residual promotions or advertisements suggesting or indicating that any of the Defendants ever had any relationship with Ziebart, TidyCar, Speedy Auto Glass and/or Rhino Linings, including but not limited to, internet sites that have resulted in Google hits, and (b) transfer the listed business telephone numbers to Ziebart.

Concerning appropriate civil penalties, it appears that the threat of such penalties resulted in the actions taken by defendants, although it is unclear when these actions were taken. Moreover, defendants have failed to meet with all of the requirements set forth in former court orders. For these reasons, the court will award the requested penalties of $100 x 28 days, as well as an award of plaintiffs' attorney fees in the amount of $19,000.00.

Furthermore, as provided in previous orders, the court hereby **ORDERS** that defendants are required to (a) return any and all Ziebart proprietary information (or certify concerning its location/disposition) and (b) provide the reporting of all gains and profits defendants derived from and after September 1, 2011 and to the present related to their car care business, no later than **June 30, 2013.** Should defendants fail to provide such a reporting to plaintiffs, the court **ORDERS** the imposition of civil sanctions to begin again at the rate of $100 per day, to be increased to an amount of $500 per day after the expiration of 30 days. The court will decline at this point in time to order

Mr. Waggoner's incarceration, subject to his compliance with the reporting required above.

IT IS FURTHER ORDERED that plaintiffs shall effect personal service on defendants of (a) this order; (b) plaintiffs' motion for sanctions; and (c) a copy of the July 12, 2012 and December 11, 2012 court orders, on or before May 30, 2013. Plaintiffs shall file a proof of service with the court evidencing the same.

**IT IS SO ORDERED**.

Dated: May 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 16, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk